# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DONALD R. COLLINS, )
)
       Plaintiff, )
)
    v. ) Case No. CIV-13-448-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
)
       Defendant. )

## OPINION AND ORDER

The claimant Donald R. Collins requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on October 12, 1966, and was forty-four years old at the time of the administrative hearing (Tr. 38, 136). He completed the eighth grade while attending special education classes, and has worked as a trailer assembler (Tr. 39, 43, 54). The claimant alleges that he has been unable to work since January 1, 2007, due to back pain, schizophrenia, paranoia, and foot pain (Tr. 43, 136, 139, 152).

**Procedural History**

The claimant applied on May 28, 2009 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated January 20, 2012 (Tr. 13-27). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), with the non-exertional limitations of

performing simple tasks with routine supervision, relating to supervisors and peers on a superficial work basis, and not relating to the general public (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there were jobs that he could perform in the economy, *i. e.*, cleaner/housekeeper (Tr. 26).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly perform a step three analysis, and (ii) failing to properly evaluate the medical evidence. The Court finds that the ALJ *did* fail to properly determine whether the claimant satisfied the criteria of Listing 12.05C, and the decision of the Commissioner should therefore be reversed.

The claimant was evaluated by state consultative examiner R. Keith Green, Ph.D. on November 14, 2011 (Tr. 675-678). During this appointment, Dr. Green administered the Wechsler Adult Intelligence Scale-III (WAIS-3), the results of which indicated that claimant had a verbal IQ of 70, a performance IQ of 69, and a full scale IQ of 67, and said results placed him within the Mildly Retarded range of current intellectual functioning, or at the 1st percentile with reference to the general U.S. adult population. He stated the claimant appeared to put forth his best efforts, and therefore he considered the test results valid (Tr. 677). Dr. Green diagnosed the claimant with major depressive disorder, recurrent, severe with psychotic features; dysthymic disorder; alcohol abuse, in early (3 months) full remission (by claimant report); cannabis abuse in sustained (2 years) full remission (by claimant report); mild mental retardation; and personality disorder

NOS (with dependent and antisocial features). He concluded it was not likely that the claimant's mental status would appreciably change over the next twelve months (Tr. 678).

Although the claimant bears the burden of proof at step three to establish that he meets or equals the requirements for a listed impairment, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005), the ALJ's responsibilities at step three of the sequential analysis require him to determine "whether the claimant's impairment is equivalent to one of a number of listed impairments that . . . [are] so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) [quotation omitted]. *Clifton* requires the ALJ to discuss the evidence and explain why claimant was not disabled at step three. *Id*. at 1009, *citing Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986).

In order to satisfy section 12.05C, the claimant must first satisfy the diagnostic description included in the introductory paragraph which requires that the claimant possess "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i. e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05. This initial requirement is referred to as the "capsule definition." *Peck v. Barnhart*, 214 Fed. Appx. 730, 736 (10th Cir. 2006) [unpublished opinion]. In addition to satisfying the capsule definition of mental retardation, the claimant must also satisfy two additional prongs in order to meet the requirements of

Listing 12.05C: "a valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" 20 C.F.R. pt. 404, subpt. P, app. 1 [emphasis added].

As to the capsule definition, the ALJ wholly failed to make a finding as to whether the claimant satisfied the capsule definition. In spite of the claimant's reports that he was in the special education program in school (Tr. 54), and his report that he completed his education only through the eighth grade even *with* the support of special education (Tr. 39), the Commissioner nevertheless argues that there is no evidence to support a finding of onset prior to age 22. However, "[t]he Commissioner's argument ignores our ruling in *Clifton* where we held that we can only review ALJ decisions that make specific findings on the facts of the case. If [the claimant] does not meet the capsule definition, then the ALJ must make that determination in the first instance." *Peck*, 214 Fed. App. at 736.

Turning to the two prongs of section 12.05C, "'the purpose of § 12.05C is to compensate a claimant with an IQ in the 60-70 range and a limitation of function that affects his work.'" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), *quoting Sird v. Chater*, 105 F.3d 401, 403 n.6 (8th Cir. 1997). With respect to the requirements specifically comprising Listing 12.05C, the claimant clearly satisfies the first prong of the listing since his verbal, performance and full scale IQ scores all fell at or below 70, *e. g.*, the claimant scored a verbal IQ of 70, a performance IQ of 69, and a full scale IQ of 67 on the WAIS-III (Tr. 677).

-6-

The second requirement of Listing 12.05C is that the claimant must have a "physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05C. The Tenth Circuit has adopted the view of the First and Eleventh Circuits that a "§ 12.05C limitation is significant if the claimant suffers from a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function." *Hinkle*, 132 F.3d at 1352. ("We conclude the analysis employed by the First and Eleventh Circuits is the better interpretation of what must be shown to satisfy the second prong of § 12.05C."), *citing Edwards v. Heckler*, 736 F.2d 625, 629-31 (11th Cir. 1984) and *Nieves v. Secretary of Health & Human Services*, 775 F.2d 12, 14 & n.7 (1st Cir. 1985). "[W]hether a claimant has a § 12.05C 'significant limitation' should 'closely parallel' the step two standard, and is to be made without consideration of whether the claimant can perform any gainful activity beyond the analysis as made at step two." *Hinkle*, 132 F.3d at 1352-53, *citing Fanning v. Bowen*, 827 F.2d 631, 634 (9th Cir. 1987) (if claimant meets the § 12.05C listing and the durational requirement, "he must be found disabled without consideration of his age, education, and work experience[.]") [internal citations omitted]. The ALJ determined the claimant had the severe impairments of chronic back problems and depression (Tr. 14). This was sufficient to satisfy the second prong. *See Peck*, 214 Fed. Appx. at 734 ("Based on the ALJ's findings [that the claimant had severe impairments that combined to significantly limit her ability to perform basic work-related functions *and* was unable to perform her past relevant work], Peck meets

the additional significant impairment requirement under Listing 12.05C."), *citing Hinkle*, 132 F.3d at 1352-1353 & n.4. Thus, contrary to the ALJ's failure to fully analyze the claimant's impairments under Listing 12.05C, the claimant *did* provide some evidence that his impairment existed before the age of 22, and *both* that he had an IQ score in the range of 60-70 *and* a "physical or other mental impairment imposing an additional and significant work-related limitation." The ALJ's findings at step three with regard to Listing 12.05C are therefore not supported by substantial evidence, and the decision of the Commissioner is REVERSED and REMANDED to the ALJ for further analysis as outlined above.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of March, 2015.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**